UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

In re:  Case No. 16-30194

TERESA MARY WILLERT,  Chapter 13

    Debtor.  Hon. Daniel S. Opperman
_____/
GARTH MCCOMB, SR., Successor Personal
Personal Representative of the Estate of
Mabel I. Willert, Deceased, and
JAMES TREMBLEY, Attorney for the Estate
of Mabel I. Willert, Deceased,

    Plaintiffs,

v.  Adv. Proc. No. 16-3034

TERESA MARY WILLERT,

    Defendant.
_____/

### ORDER DETERMINING DEBT OWED TO PLAINTIFFS TO BE DISCHARGEABLE

On June 2, 2017, the Court entered its Opinion Regarding Effect of State Court Judgment on this Adversary Proceeding. In this Opinion, the Court stated in its conclusion the following:

> For the reasons stated above, the Court determines that it cannot, with the record before it, make the findings required for a determination of nondischargeability pursuant to 11 U.S.C. § 523(a)(4). The Plaintiffs have a choice to make at this juncture: Plaintiffs may rest their case, which will result in a judgment in favor of Defendants; or Plaintiffs may request a trial date be set for the taking of further proofs.
>
> The Court will schedule a telephonic status conference on **June 21, 2017, at 1:30 p.m.,** to discuss how the parties wish to proceed.

A status conference was thereafter held on July 19, 2017, after being adjourned from

1

June 21, 2017. After the July 19, 2017 status conference, the Court issued the following Order on July 21, 2017:

ORDER ESTABLISHING DEADLINE FOR PLAINTIFFS' COUNSEL TO ADVISE COURT AS TO WHETHER ADDITIONAL PROCEEDINGS ARE NECESSARY

On July 19, 2017, the Court held a status conference regarding this matter. Counsel for the Plaintiffs advised the Court that she was in communication with her client, but wanted to confirm the position of her client in regard to the taking of additional proofs. The Court determined that Plaintiffs' counsel should be allowed such an opportunity, but that a deadline was appropriate for Plaintiffs' counsel to inform the Court as to whether additional proceedings are necessary before the Court issues a final opinion regarding this matter.

NOW, THEREFORE, IT IS HEREBY ORDERED that by August 4, 2017, Plaintiffs' counsel must advise the Court as to whether additional proceedings are necessary. Failing such a notice, the Court will consider the record as complete and will issue an opinion.

To date, Plaintiffs have not advised the Court as indicated above, nor have Plaintiffs supplemented the record in this Adversary Proceeding. For the reasons stated in this Court's June 2, 2017 Opinion and July 21, 2017 Order, the Court concludes that the record is complete and that a judgment in favor of Defendant is appropriate.

WHEREFORE, IT IS HEREBY ORDERED, that the debt Defendant owes Plaintiffs is DISCHARGED, and that this Adversary Proceeding is dismissed with prejudice for the reason that Plaintiffs have failed to sustain their burden of proof in this matter. A separate judgment shall enter.

**Signed on August 14, 2017**



/s/ Daniel S. Opperman
_____
**Daniel S. Opperman**
**United States Bankruptcy Judge**